IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

WILLIAM S. TAYLOR, SR.,

    Plaintiff,

v.                                        Case No. 2:20-cv-02855-MSN-tmp

TENNESSEE DEPARTMENT
OF SAFETY,

    Defendant.
_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**
_____

Before the Court is the Chief Magistrate Judge's Report and Recommendation, (ECF No. 16), entered on April 1, 2021. The Report recommends that Defendant's Motion for Partial Dismissal, (ECF No. 13), be granted. (ECF No. 16 at PageID 55.) Plaintiff submitted his objections to the Report on April 19, 2021. (ECF No. 17.) For the reasons below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation.

**Background**

The Chief Magistrate Judge's Report and Recommendation ("Report") sets forth proposed findings of fact. (ECF No. 16 at PageID 55–58.) Plaintiff raises no objection to the Report's factual findings. The Court, therefore, will **ADOPT** the Report's Proposed Findings of Fact.

Plaintiff initiated this action against Defendant Tennessee Department of Safety by filing his *pro se* Complaint on November 20, 2020. (ECF No. 1.) Plaintiff worked for Defendant as a driver's license examiner from June 2006 until his termination in November 2018. (ECF No. 16 at PageID 55–56.) Plaintiff generally alleges that Defendant discriminated against him due to his

sex, age, and disability, all in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq* ("ADEA"). (*Id.* at PageID 58.)

On February 2, 2021, Defendant filed its pending Motion for Partial Dismissal. (ECF No. 13.) Defendant argues that, as an arm of the state of Tennessee, it is immune from suit under the Eleventh Amendment. (ECF No. 14 at PageID 46–51.) As such, Plaintiff's ADA and ADEA claims must be dismissed. (*Id.*)

Under the Court's Local Rules, Plaintiff had twenty-eight (28) days to respond to Defendant's Motion. *See* LR 12.1(b). He did not do so. On March 9, 2021, the Chief Magistrate Judge entered an Order directing Plaintiff to show cause as to why Defendant's Motion should not be granted. (ECF No. 15 at PageID 53.) The Chief Magistrate Judge warned Plaintiff that "[s]hould plaintiff fail to timely respond, the court will consider whether defendant's motion should be granted solely on the arguments contained therein." (*Id.*) Plaintiff's response was due on or before March 16, 2021. (*Id.*) To date, a response has not been entered onto the record.

The Chief Magistrate Judge issued his Report addressing Defendant's Motion on April 1, 2021. (ECF No. 16.) The Report recommends that the Motion be granted. (*Id.* at PageID 55.) Plaintiff filed his objections to the Report on April 19, 2021. (ECF No. 17.)

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he

district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## Analysis

The Report recommends that Defendant's Motion for Partial Dismissal be granted. (ECF No. 16 at PageID 55.) The Report found that Defendant acts as an arm of the state of Tennessee; thus, Plaintiff's ADA and ADEA claims are barred by the Eleventh Amendment. (*Id.* at PageID 65–66.)

Plaintiff's objections do not address the Report's findings. Instead, Plaintiff discusses his Response—or lack thereof— to the Chief Magistrate Judge's Order to show cause. (ECF No. 17 at PageID 68.) Plaintiff informs the Court that he attempted to submit a response to the show cause Order, even going as far as allegedly delivering it to the Court's clerk's office. (*Id.* at PageID 69–70.) That is neither here nor there because what is important is that, despite multiple opportunities for him to provide one, the Court has no response from Plaintiff in front of it to review.

To recap, Plaintiff has had three (3) opportunities to offer a response to Defendant's Motion. First, Plaintiff had twenty-eight (28) days to initially respond to Defendant's Motion under the Local Rules. *See* LR 12.1(b). Plaintiff then had seven (7) days to respond to the Chief Magistrate Judge's Order to show cause to explain why Defendant's Motion should not be granted. (ECF No. 15 at PageID 53.) Finally, Plaintiff had an additional fourteen (14) days to submit objections to the Report and Recommendation. (ECF No. 16 at PageID 66.)

Although Plaintiff asserts that he submitted a response to the Chief Magistrate Judge's show cause Order, that response is not in front of the Court. Further, Plaintiff did not address any of the Report's findings despite his acknowledgement that he received the Report. (*See* ECF No. 17 at PageID 69.) In light of this, the Court will address the Report's findings and Plaintiff's objections.

As an initial matter, Plaintiff's objections were filed out of time. The Report was entered on April 1, 2021. (ECF No. 16.) The Report instructed Plaintiff that he had fourteen (14) days to

4

submit his objections.  (*Id.* at PageID 66.)  Plaintiff submitted his objections on April 19, 2021.  However, putting that issue to the side, more importantly, Plaintiff's objections do not address the Report's findings.  The Court is not required to review any portion of the Report and Recommendation to which no objection is made.  *See Thomas*, 474 U.S. at 150.  However, the Court has reviewed the Report for clear error and finds none.  For the foregoing reasons, the Court **ADOPTS** the Report and **GRANTS** Defendant's Motion for Partial Dismissal.

### Conclusion

For the reasons above, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Motion.

**IT IS SO ORDERED**, this 30th day of April, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE