IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM S. TAYLOR, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-2855-MSN-tmp |
| | ) | |
| TENNESSEE DEPARTMENT OF SAFETY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is defendant Tennessee Department of Safety's Motion for Summary Judgment, filed on June 11, 2021.[1] (ECF Nos. 19-20.) Because *pro se* plaintiff William S. Taylor, Sr. did not timely respond to the instant motion, the undersigned entered an order to show cause directing Taylor to respond by July 23, 2021. (ECF No. 21.) On July 23, 2021, Taylor filed a response to the instant motion. (ECF No. 22.) On July 26, 2021, the Tennessee Department of Safety filed a reply in support of its motion. (ECF No. 24.) For the reasons below, it is recommended that the motion for summary judgment be granted.

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation.

## I.   PROPOSED FINDINGS OF FACT

As an initial matter, plaintiff William S. Taylor, Sr.'s response does not challenge any of the factual assertions made by defendant Tennessee Department of Safety ("TDOS") in its Statement of Undisputed Facts. Local Rule 56 provides that a party opposing a motion for summary judgment "must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed." LR 56.1(b). Furthermore, "[e]ach disputed fact must be supported by specific citation to the record." Id. Similarly, Rule 56 of the Federal Rules of Civil Procedure requires that a party support or challenge factual assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). When a party fails to properly challenge an opposing party's assertion of fact, Rule 56(e) permits the court to "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant

is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Accordingly, the following facts are deemed undisputed for the purpose of resolving this motion.

Taylor filed the instant complaint against TDOS, his former employer, on November 20, 2020. (ECF No. 1.) Taylor's complaint raises various employment discrimination and retaliation claims based on age, race, and disability. (ECF No. 1.) On February 2, 2021, TDOS filed a motion to dismiss Taylor's claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, on state sovereign immunity grounds. (ECF Nos. 13-14.) Based on the undersigned's recommendation, the presiding district judge granted TDOS's motion on April 30, 2021. (ECF Nos. 16, 18.) As a result, only Taylor's discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, survived.

Thereafter, the parties began to engage in discovery on Taylor's remaining Title VII claims. On May 4, 2021, TDOS served its first set of Requests for Admission on Taylor. (ECF No. 19-1 at 2.) Later that day, TDOS received a return receipt card that was initialed by "W.T." (ECF No. 20-3.) In its requests, TDOS asked for Taylor to admit:

> 1.  Plaintiff William S. Taylor, Sr., has no proof or evidence of discrimination in employment under Title VII by Defendant.

      2.    Plaintiff William S. Taylor, Sr., has no proof or evidence of retaliation in employment under Title VII by Defendant.

      3.    Plaintiff William S. Taylor, Sr., has no proof or evidence of violations of the law under Title VII by Defendant.

(ECF No. 20-2 at 8.) Taylor did not respond to TDOS's requests for admission.

TDOS filed the instant motion for summary judgment on June 11, 2021. (ECF No. 19.) In its motion for summary judgment, TDOS argues that the matters in its requests for admission should be deemed admitted because Taylor did not respond to the request or otherwise deny them. (ECF No. 19-1 at 3-4.) Thus, TDOS argues that there is no genuine dispute of material fact regarding Taylor's Title VII claims because, "[t]hrough his failure to respond to Requests for Admission in the discovery process in this case, [Taylor] has admitted that he has no proof or evidence as to discrimination or retaliation." (ECF No. 19-1 at 2.)

On July 23, 2021, Taylor filed a response to TDOS's motion. (ECF No. 22.) Taylor's response does not address TDOS's requests for admission or TDOS's statement of undisputed material facts. Rather, Taylor's response argues that TDOS does not have any reliable witnesses to support the four reasons that it used to justify terminating his employment in November 2018 and attempts to explain why TDOS's reasons were not valid bases to terminate his employment. (ECF No. 22 at 1.) First, Taylor states that TDOS

- 4 -

claimed to have terminated him because he missed work on May 22, 2018, without permission. (ECF No. 22 at 1.) However, Taylor explains that, on that day, he was required to appear in court as a potential witness for his daughter in a custody dispute, which he notified TDOS about beforehand.[2] (ECF No. 22 at 1.) Second, Taylor states that TDOS claimed to have terminated him for treating a Hispanic woman differently than an African-American woman during an eye exam on August 20, 2018. (ECF No. 22 at 1.) According to Taylor, though, TDOS has no proof to support this accusation.[3] (ECF No. 22 at 1.) Third, Taylor states that TDOS erroneously accused him of refusing to work overtime (and thus leaving his station understaffed) on August 17, 2018, as he was a "cash employee." (ECF No. 22 at 2.) Because of his cash employee status, Taylor alleges that he was ineligible for overtime, a fact allegedly known

---

[2]In Taylor's response, he attaches a copy of a letter from the Tennessee Department of Children's Services requesting that he be in attendance for a child custody hearing on May 22, 2018, a copy of a text message he sent to his supervisor stating that he would have to miss work because of the hearing, a document verifying that he appeared in Juvenile Court, and a letter that he received from Assistant Commissioner of TDOS Lori Bullard reprimanding him for missing work on May 22, 2018. (ECF No. 22-5.)

[3]According to Taylor, TDOS claimed that it saw and heard him treat a Hispanic woman differently than an African-American woman, despite the fact that the video recording the incident does not have audio and TDOS could not corroborate its accusations by speaking with the woman. (ECF No. 22 at 1.)

by his direct supervisor.[4] (ECF No. 22 at 2.) Fourth, Taylor states that TDOS claimed to have terminated him because a coworker accused him of sexual assault, despite the fact that the charges were dropped.[5] (ECF No. 22 at 2.) Further, in addition to refuting TDOS's alleged reasons for terminating his employment, Taylor's response contains copies of twenty-seven emails, letters, and surveys from former colleagues and customers praising his work as a driver's license examiner, pictures of an ergonomic chair that was provided to him because of his gout, and a memorandum that he wrote following a meeting with Kyna Geeter on April 4, 2017, regarding a typing course that he was required to complete but was unsure if he would be able to finish within the timeframe suggested by his supervisor. (ECF Nos. 22-2; 22-3; 22-4; 22-8.)

On July 26, 2021, TDOS filed a reply to Taylor's response. (ECF No. 23.) In its reply, TDOS argues that its requests for

---

[4]Taylor attaches to his response several forms indicating that, since 2009, he has elected to be paid his overtime in cash and that he would not accept compensatory time in lieu of cash. (ECF No. 22-7.)

[5]Taylor attaches to his response a copy of the restraining order entered against him by the General Sessions Criminal Court of Shelby County, an expungement order by the General Sessions Criminal Court of Shelby County stating that the charges against him were dismissed, an order by the General Sessions Criminal Court of Shelby County dismissing the restraining order because the petitioner failed to appear, and emails exchanged between Taylor, TDOS District Manager Kyna Geeter, and Tennessee State Employees Association Compensation and Benefits Coordinator Terry Carroll discussing his work placement following the court proceedings. (ECF No. 22-6.)

admission should be deemed conclusively established because, even after responding to the motion for summary judgment, "[Taylor] failed to respond at all to the requests." (ECF No. 23 at 1.) TDOS also argues that its requests for admission are a proper basis for an entry of summary judgment because they "negate [Taylor]'s ability to prove [his] case." (ECF No. 23 at 2.) Additionally, TDOS argues that, even if the court were to set aside its requests for admission, Taylor's response "fails . . . to offer any actual supporting evidence of discrimination or retaliation to support his case." (ECF No. 23 at 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Geiger v. Tower Auto., 579 F.3d 614, 620 (6th Cir. 2009). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). "The moving party bears the initial burden of production." Palmer v. Cacioppo, 429 F. App'x 491, 495 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once the moving party has met its burden, "the burden

shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" Jakubowski v. Christ Hosp., Inc., 627 F.3d 196, 200 (6th Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001); see also Gordon v. Louisville-Jefferson Cty. Metro Gov't, No. 3:08-cv-0029, 2011 WL 777939, at *4 (W.D. Ky. Feb. 28, 2011) ("[T]o survive summary judgment, [the nonmovant] must provide evidence 'beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts.'") (quoting Maki v. Laako, 88 F.3d 361, 364 (6th Cir. 1996)). "In order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence' [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." Lewis v. Philip Morris, Inc., 355 F.3d 515, 534 (6th Cir. 2004). "The central issue 'is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Palmer, 429 F. App'x at 495 (quoting Anderson, 477 U.S. at 251-52). "The failure to present any evidence to counter a well-

supported motion for summary judgment alone is grounds for granting the motion." Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009).

The court recognizes that Taylor is a *pro se* plaintiff, and *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Bass v. Wendy's of Downtown, Inc., 526 F. App'x 599, 601 (6th Cir. 2013) ("Non-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.") (citations omitted). This includes at the summary judgment stage. See Viergutz v. Lucent Techs., 375 F. App'x 482, 485 (6th Cir. 2010) ("[Plaintiff]'s status as a *pro se* litigant does not alter his duty on a summary judgment motion."); see also McKinnie v. Roadway Express, Inc., 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions."); Walker v. Lauderdale Cty., No. 2:16-cv-2362-STA-egb, 2019 WL 1179423, at *2 (W.D. Tenn. Mar. 13, 2019) ("District courts have no obligation to notify non-prisoner *pro se* parties of the requirements of Federal Rule of Civil Procedure 56 or to advise them of the consequences of failing

to respond to a summary judgment motion.") (citing McKinnie, 341 F.3d at 558).

**B.   Title VII**

Taylor's only remaining claims are for discrimination and retaliation under Title VII. Title VII makes it unlawful for an employer to discriminate against individuals based on their race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1). A plaintiff can establish a violation of Title VII either by using direct evidence of discrimination or by relying on circumstantial evidence. Ondricko v. MGM Grand Detroit, LLC, 689 F.3d 642, 648-49 (6th Cir. 2012); see Yazdian v. ConMed Endoscopic Techs., Inc., 793 F.3d 634, 644-45 (6th Cir. 2015) ("A plaintiff who alleges retaliation in violation of Title VII may establish the claim through direct or circumstantial evidence.") (citing Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 543 (6th Cir. 2008)). "Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999). When there is no direct evidence of discrimination or retaliation, courts analyze whether there is indirect proof of Title VII liability using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Lott v. ICS Merill, 483 F. App'x 214, 217 (6th Cir. 2012); see also Fuhr

v. Hazel Park Sch. Dist., 701 F.3d 668, 674 (6th Cir. 2013) ("Retaliation claims supported by circumstantial evidence are examined using the burden-shifting framework established in [McDonnell Douglas.]"). Under this framework, the plaintiff bears the initial burden of establishing a genuine dispute of material fact as to all elements of her *prima facie* case of discrimination and retaliation. Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 142 (2000). If the plaintiff satisfies this initial requirement, the burden shifts to the defendant to present sufficient evidence of a legitimate, nondiscriminatory reason for the employment actions. Id. After this, the presumption of discrimination drops out and the plaintiff must submit evidence that the legitimate reason for terminating employment was pretext for discrimination. Id. at 143. "[O]n a motion for summary judgment, a district court considers whether there is sufficient evidence to create a genuine dispute at each stage of the McDonnell Douglas inquiry." Risch v. Royal Oak Police Dep't, 581 F.3d 383, 390-91 (6th Cir. 2009) (internal quotation marks and citations omitted).

**C.   Requests for Admission**

Requests for admission are governed by Federal Rule of Civil Procedure 36, which provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). Under the rule, "[a] matter

is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). While requests to admit cannot reach purported admissions that amount to "pure requests for opinions of law" or for legal conclusions, United States v. Petriff-Kline, 557 F.3d 285, 293 (6th Cir. 2009) (quoting 7 Moore's Federal Practice § 36.10[8] at 36–26 (3d ed. 2008)), it is well-settled that Rule 36 requests can reach "matters ultimately dispositive of the case." Gold Crest, LLC v. Project Light, LLC, No. 5:19-cv-2921, 2021 WL 877752, at *2 (N.D. Ohio Mar. 9, 2021) (quoting Bilaal v. Defiance Pub. Co., No. 3:04-cv-07189, 2005 WL 3817289, at *2 (N.D. Ohio Oct. 27, 2005)); see Fed. R. Civ. P. 36(a)(1) (defining the scope of Rule 36 as inquiries into "facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents"); Goodson v. Brennan, 688 F. App'x 372, 375 (6th Cir, 2017) (observing that Rule 36 requests can address "ultimate facts and the application of law to fact") (citing Petroff-Kline, 557 F.3d at 293).

Additionally, Rule 36 provides that, once a matter is deemed admitted, it is considered "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Consequently, failure to respond

- 12 -

to a request for admission "is grounds for deeming the statements admitted and granting summary judgment on the basis of the admissions." Goodson v. Donahoe, No. 3:13-cv-0487, 2015 WL 8179668, at *4 (M.D. Tenn. Dec. 7, 2015), aff'd sub nom., Brennan, 688 F. App'x at 372 (citing Coal Creek Mining & Mfg. Co. v. James River Coal Serv. Co., 11 F. App'x 548 (6th Cir. 2001) and Heller Fin., Inc. v. Pandhi, No. 88-6020, 1999 WL 136091 (6th Cir. Nov. 9, 1989)). Moreover, if a conclusive admission is not withdrawn or amended pursuant to Rule 36(b), it "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record." Brennan, 688 F. App'x at 376 (quoting Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 244 (5th Cir. 2014)).

To date, Taylor has not responded to TDOS's requests for admission, which were served thirty-nine days before the filing of this motion. He also did not address TDOS's requests in his response to this motion and has not filed a motion to withdraw or amend his admissions. TDOS's requests asked Taylor to admit that he has no proof or evidence "of discrimination in employment under Title VII by Defendant," "of retaliation in employment under Title VII by Defendant," and "of violations of the law under Title VII by Defendant." (ECF No. 20-2 at 8.) While TDOS's requests come close to addressing conclusions of law, see, e.g., Petroff-Kline, 557 F.3d at 293 (observing that a request for a party to admit

- 13 -

that "Defendant does not owe money to Plaintiff" targets a legal conclusion despite that "it might perhaps be stretched into an effort to elicit a factual response"), the undersigned submits that all three requests to admit fall within the scope of Rule 36(a)(1) because they do not ask Taylor "to admit to . . . matters that are not capable of being admitted or denied." Wilson v. Middle Tenn. State Univ., No. 3:19-0798, 2021 WL 694181, at *4 (M.D. Tenn. Feb. 23, 2021), report and recommendation adopted, 2021 WL 981553 (M.D. Tenn. Mar. 16, 2021); see also Johnson v. Miller, 363 F. Supp. 3d 806, 811-12 (E.D. Ky. 2019) (deeming as admitted requests to admit that plaintiff "[has] no facts or evidence to support [his] claims" and that he "[has] no facts to support [his] claims" where the plaintiff did not respond and granting summary judgment on that basis); Cameron v. Sw. Tenn. Cmty. College, No. 17-cv-2455-SHL-tmp, 2018 WL 3453921, at *2 (W.D. Tenn. June 27, 2018), report and recommendation adopted, 2018 WL 3453474 (W.D. Tenn. July 17, 2018) (deeming as admitted a request that the plaintiff admit she "[had] no proof or evidence, whether direct or indirect, that her" alleged adverse employment action "was due to a result of race discrimination" where the plaintiff failed to respond to the request and therefore recommending that summary judgment be granted on that basis). As such, because Taylor did not respond to TDOS's requests for admission (initially or in his response to this motion) or otherwise move to withdraw or amend his admissions,

- 14 -

Rule 36 dictates that TDOS's requests be deemed admitted.[6] See Fed. R. Civ. P. 36(a)(1) and (3).

As a result, it is conclusively established that Taylor does not have any proof or evidence of discrimination or retaliation in violation of Title VII by TDOS. See Fed. R. Civ. P. 36(b); see also Wilson, 2021 WL 694181, at *4 ("Case law supports granting summary judgment to a moving party when the opposing party has, through its failure to respond to Rule 36 requests, admitted matters that negate the opposing party's ability to prove its case.") (collecting cases); Cont'l Refining Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co., 350 F. Supp. 3d 601, 610 (E.D. Ky. 2018) ("The admission is 'therefore an unassailable statement of fact' that is 'binding' on (i.e., not disputable by other evidence by) the admitter.") (quoting Sec'y U.S. Dep't of Labor v. Kwasny, 853 F.3d 87, 91 (3d Cir. 2017)). Because it is undisputed that Taylor does not have any evidence (direct or circumstantial) of Title VII discrimination or retaliation, the undersigned submits that Taylor cannot create a genuine dispute of material fact regarding his Title VII claims for discrimination and retaliation. See Brennan, 688 F. App'x at 376-77 (holding that summary judgment was appropriate in a Title VII case where a

---

[6] Additionally, the undersigned notes that, upon review, the documents attached to Taylor's response do not contradict his admissions that he has no evidence to support his claims for Title VII discrimination and retaliation.

plaintiff did not respond to requests for admission that effectively "preclude[d] her success on either claim").

### III. RECOMMENDATION

For the reasons above, it is recommended that TDOS's Motion for Summary Judgment be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 4, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**