IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIAM S. TAYLOR, SR.,

    Plaintiff,

v.                                           Case No. 2:20-cv-02855-MSN-tmp

TENNESSEE DEPARTMENT
OF SAFETY,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report"), (ECF No. 24), entered on August 4, 2021. The Report recommends that Defendant's Motion for Summary Judgment, (ECF No. 19), be granted. (ECF No. 24 at PageID 220.) For the reasons below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation.

**Background and Procedural History**

      The Chief Magistrate Judge's Report offers Proposed Findings of Fact. (ECF No. 24 at PageID 206–211.) Plaintiff's subsequent filings on August 18, 2021, (ECF Nos. 25, 26), do not allege new facts or offer objections to the findings articulated in the August 4, 2021 Report. Therefore, the Court **ADOPTS** the Report's Proposed Findings of Fact.

      Plaintiff initiated this action against Defendant Tennessee Department of Safety when he filed his *pro se* Complaint on November 20, 2020. (ECF No. 1.) Plaintiff worked for Defendant as a driver's license examiner from June 2006 until his termination in November 2018. (ECF No. 16 at PageID 55–56.) Plaintiff generally alleges that Defendant discriminated against him due to

1

his sex, age, and disability, all in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq* ("ADEA"). (*Id.* at PageID 58.)

On February 2, 2021, Defendant filed its Motion for Partial Dismissal. (ECF No. 13.) Defendant argued that it enjoys immunity from suit under the Eleventh Amendment as an arm of the state of Tennessee. (ECF No. 14 at PageID 46–51.) Plaintiff did not respond to Defendant's Motion during the twenty-eight (28) day period allotted by the Court's Local Rules. *See* LR 12.1(b). On March 9, 2021, the Chief Magistrate Judge entered an Order that directed Plaintiff to show cause as to why Defendant's Motion should not be granted. (ECF No. 15 at PageID 53.) Plaintiff's response was due on or before March 16, 2021. (*Id.*) No response was entered into the record. (*See* ECF No. 18 at PageID 75.)

Under the Court's Local Rules, Plaintiff had twenty-eight (28) days to respond to Defendant's Motion. He did not respond. The Chief Magistrate Judge then addressed Defendant's Motion in his Report issued on April 1, 2021. (ECF No. 16.) The Report recommended that the Motion be granted. (*Id.* at PageID 55.) Plaintiff filed objections to the Report on April 19, 2021. (ECF No. 17.) The Court granted Defendant's Motion and addressed Plaintiff's objections in its Order dated April 30, 2021. (ECF No. 18). Only Plaintiff's Title VII, 42 U.S.C. §§ 2000e to 2000e-17, claims of discrimination and retaliation survived.

On June 11, 2021, Defendant filed its Motion for Summary Judgment under Federal Rule of Civil Procedure 56 regarding Plaintiff's remaining claims. (ECF No. 19, 19-1). Plaintiff did not respond to Defendant's Motion during the twenty-eight (28) day period allotted by the Court's Local Rules. *See* LR 12.1(b). On July 15, 2021, the Chief Magistrate Judge entered an Order that

2

directed Plaintiff to show cause as to why Defendant's Motion should not be granted. (ECF No. 21 at PageID 53.) Plaintiff's response was due on or before July 23, 2021. (*Id*.) On July 23, 2021, Plaintiff filed his *pro se* Response to Defendant's Motion, (ECF No. 22), and Defendant timely filed its Reply on July 26, 2021. (ECF No. 23).

On August 4, 2021, the Chief Magistrate Judge issued his Report and Recommendation on Defendant's Motion for Summary Judgment. (ECF No. 24). The Report recommends that the Court grant Defendant's Motion. (*Id.*, at PageID 220). Although Plaintiff did not file objections to the Report, he did file two documents on August 18, 2021, entitled (1) "Motion to Stop TDOS Motion for Summary Judgment", (ECF No. 25), and (2) "Motion to Change Case from Discrimination and Retaliation to Wrongful and Unlawful Job Termination". (ECF No. 26.) Defendant filed its Response, (ECF No. 27), to Plaintiff's first document, (ECF No. 25), on August 27, 2021 and its Response, (ECF No. 28), to Plaintiff's second document, (ECF No. 26), on August 31, 2021. Defendant asserts in its August 27, 2021 Response that Plaintiff's first document has (1) failed to consult with defense counsel in violation of Local Rule 7.2(a)(1)(b) and (2) constituted a defective response to Defendant's Motion for Summary Judgment. (ECF No. 27 at PageID 229–230). Defendant asserts in its August 31, 2021 Response that Plaintiff's second document has (1) failed to consult with defense counsel in violation of Local Rule 7.2(a)(1)(b), (2) constituted an improper Motion to Amend the Pleadings under Federal Rule of Civil Procedure 15(a)(2), and (3) failed to file an effective rebuttal to Defendant's Motion for Summary Judgment. (ECF No. 28 at PageID 233)

## **Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  28 U.S.C. § 636(b)(1).  The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to a Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation.  *Id.*  When an objection reiterates the arguments presented to the Magistrate Judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).  Nonetheless, the Court notes,

4

"*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## Analysis

The Report recommends that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 24 at PageID 220.) The Chief Magistrate Judge found that Plaintiff's *pro se* Response to Defendant's Motion, (ECF No. 22), "does not challenge any of the factual assertions made by defendant." (ECF No. 24 at PageID 206.) To properly challenge Defendant's factual assertions, Plaintiff "must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed." LR 56.1(b). Disputed facts must be supported by citations to the record, *id.*, and comply with Federal Rule of Civil Procedure 56(c)(1).[1]

The Federal Rules of Civil Procedure control in *pro se* non-prisoner matters. *See Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013) ("Non-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.") (citations omitted). The same is true at the summary judgment stage. *See Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010) ("[Plaintiff]'s status as a *pro se* litigant does not alter his duty on a

---

[1] Federal Rule of Civil Procedure 56(c)(1) requires a party intending to dispute a fact presented by a movant for summary judgment to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

summary judgment motion."); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions.")  As the Chief Magistrate Judge explained in his Report, Plaintiff's failure to properly challenge Defendant's assertions of fact in his *pro se* Response, (ECF No. 22), permits the Court to "consider the fact undisputed for purposes of the motion" pursuant to Federal Rule of Civil Procedure 56(e).  (ECF No. 24 at 206.)  For these reasons, the Court will adopt the Report's Proposed Findings of Fact.

Plaintiff's only two filings after the August 4, 2021 Report and Recommendation do not mention the Report, let alone address its findings.  However, the Court will "liberally construe[]" these two filings as Plaintiff's "objections" to the Report.  *Williams*, 631 F.3d at 383.  For the reasons explained below, these "objections" universally fail to address the Report; they do not bear on the Chief Magistrate Judge's Proposed Findings of Fact or his Conclusions of Law and therefore present no obstacle that prevents this Court from adopting the Report in full.

    a.   Plaintiff's "Motion to Stop TDOS Motion for Summary Judgment".  (ECF No. 25.)

Defendant's Response, (ECF No. 27), as it regards Plaintiff's failure to consult under Local Rule 7.2(a)(1)(B) and inadequate response is well taken, however—given the "less stringent standards" applied in *pro se* matters—the Court will briefly address the substance of Plaintiff's arguments. *Williams*, 631 F.3d at 383.

Here, Plaintiff attempts to distinguish two non-binding cases from the facts in this matter. (ECF No. 25 at PageID 221–22.)  First, Plaintiff cites *Padgett v. Big Sandy Reg'l Det. Ctr.*, 424 F. Supp. 3d 506, 506-08 (E.D. Ky. 2019) (granting defendant's motion for summary judgment because *pro se* plaintiff failed to adequately respond to the motion) (*Id.* at PageID 221.)  Plaintiff asserts that unlike the plaintiff in *Padgett*, he did "respond timely to court requests" when he

6

allegedly deposited his response to Defendant's requests in the Court's drop box on March 15, 2021. (*Id.* at PageID 222.) The Court noted in its April 30, 2021 Order Adopting Report and Recommendation that it never received this correspondence. (ECF No. 18 at PageID 77.) Plaintiff allegedly deposited these lost documents as a response to Defendant's Motion for Partial Dismissal, (ECF No. 13) and they do not contemplate Defendant's subsequently filed Motion for Summary Judgment, (ECF No. 19). Like in *Padgett*, and for reasons outlined above—as well as those developed in the Chief Magistrate Judge's Report, (ECF No. 24 at PageID 211–20)—Plaintiff has failed to properly respond to Defendant's Motion for Summary Judgment. The Court has not received any additional documents from Plaintiff, including those to which Plaintiff refers in ECF No. 25.

The second case Plaintiff attempts to distinguish, *Kennedy v. Cambridge Square of Covington Ltd. P'ship*, 2020 WL 6729282 (E.D. Ky. 2020) (granting defendant's motion for summary judgment on facts established after plaintiff failed to respond to the defendant's requests for admission), likewise does not assist him. Plaintiff merely recites the facts from *Kennedy* and invites the Court to speculate about their applicability here. (ECF No. 25 at PageID 223).[2] The Court declines this invitation. Nothing in ECF No. 25 otherwise identifies facts that affect the Chief Magistrate Judge's conclusions of law or properly object to them.

  b. Plaintiff's "Motion to Change Case from Discrimination and Retaliation to Wrongful and Unlawful Job Termination". (ECF No. 26.)

Plaintiff does not allege any new facts beyond those previously tendered to the Court in his "Motion to Stop TDOS Motion for Summary Judgment", (ECF No. 25), and *pro se* Response to

---

[2] "I am not saying that what they are saying is the actual truth, but with all of the evidence that I have provided so far, *there has to be something that can point to the fact that I am not lying.*" (ECF No. 25 at PageID 223.) (emphasis added).

7

Defendant's Motion for Summary Judgment" (ECF No. 22).  Indeed, he appears to have copied and pasted most of the argument presented in his "Motion to Stop TDOS Motion for Summary Judgment", (ECF No. 25) into this motion.  The Court refers Plaintiff to its treatment of those claims analyzed above.  To the extent Plaintiff intends this document as a Motion to Amend Pleadings, it is improper because he has failed to request leave from the Court or written consent from Defendant, as required by Federal Rule of Civil Procedure 15(a)(2).  Therefore, Plaintiff's final motion, (ECF No. 26), does not affect the analysis presented in the Chief Magistrate Judge's August 4, 2021 Report.[3]  For the foregoing reasons, the Court **ADOPTS** the Report and **GRANTS** Defendant's Motion for Partial Dismissal.

## Conclusion

For the reasons above, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Motion.

**IT IS SO ORDERED**, this 1st day of December, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[3] The same is true for Plaintiff's two unauthorized sur-replies, filed on September 9, 2021, (ECF No. 29), and September 15, 2021. (ECF No. 30.)  The September 9 filing does not raise any objections to the Report and instead untimely challenges the applicability of Local Rule 7.2 to Plaintiff. ("This Rule does not apply to Plaintiff". (ECF No. 29 at PageID 235.)).  The September 15 filing also fails to address the Report, let alone raise any objections to it, and instead posits that Plaintiff's ignorance of Federal Rule of Civil Procedure 56 "should not be held against him." (ECF No. 30 at PageID 237.)  However, as the Sixth Circuit has noted, "pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure." *Lea v. Tracy Langston Ford, Inc.*, 2019 WL 917095, at *10 (6th Cir. 2019); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Therefore, neither of Plaintiff's replies successfully object to the Chief Magistrate Judge's analysis in the Report and do not present grounds for the Court to reject said Report.